IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DAVID CLARK,**<br><br>   Plaintiff,<br><br>v.<br><br>**SALT LAKE COUNTY, a political subdivision of the State of Utah,**<br><br>   Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00800-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

  This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff David Clark's ("Mr. Clark") Short Form Discovery Motion.[3] The court has carefully reviewed the parties' written submissions on the motion. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motion on the written submissions.

  Mr. Clark was employed with Defendant Salt Lake County ("County") as a Sheriff's Deputy in the County Jail from 2014 until his employment was terminated in January 2019. Mr.

---

[1] ECF No. 13.

[2] ECF No. 19.

[3] ECF No. 14.

Clark asserts claims in this case against the County for harassment, discrimination, and retaliation in violation of the Americans With Disabilities Act ("ADA").

After filing suit, Mr. Clark served the County with discovery requests, including his Request for Production No. 10 ("Request No. 10"), which seeks documents from the County showing write-ups, written warnings, terminations, suspensions, and other disciplinary actions issued to County Sheriff's Deputies at the County Jail from January 1, 2017, through January 1, 2019. The County objected to Request No. 10 on the ground that it seeks information protected by the Utah Government Records Access and Management Act ("GRAMA"). After the parties were unable to resolve their dispute over Request No. 10, Mr. Clark filed the instant motion, in which he seeks an order compelling the County to provide a full response to his Request No. 10.

In response to Mr. Clark's motion, the County reiterates its argument that any documents responsive to Request No. 10 are protected by GRAMA. The court concludes that the County's argument is without merit because: (1) GRAMA does not apply in this federal-question case, and (2) the information sought by Request No. 10 is discoverable under Fed. R. Civ. P. 26. Therefore, the court grants Mr. Clark's motion.

**I.      GRAMA Does Not Apply in This Case.**

Because jurisdiction in this case is based upon a federal question, the court must apply federal substantive and procedural law. *See, e.g.*, *Cruz v. Don Pancho Mkt., LLC*, 171 F. Supp. 3d 657, 666 (W.D. Mich. 2016); *Skaggs v. Clark*, No. 3:13-3293, 2015 WL 269154, at *15 (S.D. W. Va. Jan. 21, 2015); *D.V. v. Westmoreland Cty. Children's Bureau*, No. 07-829, 2008 WL 612744, at *2 (W.D. Pa. Mar. 3, 2008). For that reason, the court concludes that GRAMA has absolutely no relevance to this case.

II.      **The Information Sought by Request No. 10 Is Discoverable Under Rule 26.**

As an initial matter, the court notes that it "has broad discretion over the control of discovery." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). With respect to the standards for discovery under federal law, Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Thus, Mr. Clark is entitled to discover "any nonprivileged matter" that is relevant and proportional to the needs of the case.

Based on this standard in Rule 26, the court must first determine whether the information sought by Request No. 10 is privileged. As noted above, federal law supplies the rule of decision in this case; therefore, it also supplies the law concerning any claim of privilege. Fed. R. Evid. 501. Because there is no federal legal authority that would make privileged the type of information sought by Request No. 10, the court concludes that said information is not privileged. Accordingly, the court turns to the issue of whether that information is relevant and proportional under Rule 26(b)(1).

In his complaint, Mr. Clark asserts a claim for discrimination under the ADA. Underlying that claim is Mr. Clark's allegation that he was treated differently than similarly

situated employees who were not disabled.[4] Information about disciplinary actions issued to County Sheriff's Deputies at the County Jail is relevant to that claim and proportional to the needs of this case. Therefore, the court concludes that Request No. 10 seeks information that is discoverable under Rule 26(b)(1) and will require the County to provide a full response to Request No. 10.

Although the County must produce the information sought by Request No. 10, the court acknowledges that the County may want to protect that information from public disclosure. As Mr. Clark notes, if the County wishes to do so, it may place an appropriate designation on the information under the court's standard protective order, which is applicable to all civil cases in this court. DUCivR 26-2.

As a final matter, the court addresses the issue of an award of reasonable expenses to Mr. Clark in connection with his motion. Fed. R. Civ. P. 37(a)(5)(A). Under Rule 37, if a discovery motion is granted, "the court <u>must</u>, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the court is not required to make such an award if, among other reasons, "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). To determine whether the court should award expenses for Mr. Clark's motion, the County is ordered to file a brief within 14 days of this Order addressing whether its objection was

---

[4] ECF No. 2 at 4.

substantially justified and/or whether there are other circumstances that make an award unjust. The County's brief shall not exceed 5 pages including the caption, introduction, factual background, and legal argument. Mr. Clark is ordered <u>not</u> to file a response unless the court requests further briefing.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Mr. Clark's Short Form Discovery Motion[5] is GRANTED.

2. The County shall provide a full response to Request No. 10 within 14 days of the date of this Order.

3. The County shall provide a brief as described above within 14 days of this Order.

IT IS SO ORDERED.

DATED July 7, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[5] ECF No. 14.